Eastern District of Kentucky
FILED
OCT 0 3 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 06-CV-296-JMH

DARIOUS D. EDMUNDSON     PLAINTIFF

VS:     **MEMORANDUM OPINION AND ORDER**

JEFF ABRAMS, ET AL.     DEFENDANTS

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Darious D. Edmundson, a prisoner who is currently confined in the Woodford County Detention Center in Versailles, Kentucky, has submitted a *pro se* civil rights complaint, pursuant to 42 U.S.C. §1983, and a motion to proceed *in forma pauperis*. The motion will be granted by separate Order.

The complaint is now before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

CLAIM

The plaintiff claims that while he was temporarily incarcerated in the Franklin County Jail ("FCJ"), the defendants there subjected him to cruel and unusual punishment in violation of the Eighth Amendment.

DEFENDANTS

The named defendants are Jeff Abrams, a Sergeant at the FCJ; the FCJ's Jailer, Mr. Hammermiester; and the United States Marshal for the Eastern District of Kentucky.

RELIEF REQUESTED

The plaintiff seeks damages, including punitive damages.

## FACTUAL ALLEGATIONS

The following is a summary or construction of the plaintiff's factual allegations as set out in his complaint. Record No. 2.

The plaintiff alleges that on June 16, 2006, he was being held in a single-man cell at the FCJ, in the custody of the U.S. Marshal, when Defendant Abrams came to move him to another cell. Because the plaintiff had previously gotten into an argument with an inmate in the new cell, he told Abrams that he was concerned for his safety if moved into that cell. "Sgt. Abrams then ordered me to the wall to be handcuffed. I submitted and obeyed when he ordered me out of the cell."

The plaintiff again expressed his safety concerns, he claims, with the result that Abrams and another officer took him by the arms and forced him into the cell door, using a chokehold and attempting to put him into that other inmate's cell, where the other inmate was not similarly handcuffed. The plaintiff states that he attempted to pull away only in fear of his own safety. Then "Sgt Abrams again choked me and held me until other officers arrived and Sgt Abrams removed the cuffs while another officer held me. I was injured by my being choked and I reported this assault in my grievance."

## DISCUSSION

To establish a right to relief under §1983, a plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

2

The instant plaintiff has named three defendants as the governmental actors who subjected him to cruel and unusual punishment. However, he does not assert that either the U.S. Marshal or Mr. Hammermiester was personally involved in any use of forced against him. *See Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988); *Boyce v. Alizaduh*, 595 F.2d 948, 953 (4th Cir. 1979). The plaintiff cannot recover against the Marshal or the Jailer on a *respondeat superior* theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981); *Williams*, 837 F.2d at 308; *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984).

Under circumstances such as these, *respondeat superior* no longer applies to impute liability onto supervisory personnel. In order to find them liable, pursuant to 42 U.S.C. §1983, the plaintiff must allege that the supervisors condoned, encouraged, or participated in the alleged misconduct. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989). There being no such allegations herein, the U.S. Marshal and Mr. Hammermiester are entitled to dismissal from this cause of action.

The remaining defendant, Jeff Abrams, is the one governmental actor who is alleged to have committed the violation of the plaintiff's rights. It has been recognized that claims involving the use of excessive force utilized by prison guards against convicted prisoners do implicate the Eighth Amendment's prohibition against cruel and unusual punishment. *See Graham v. Connor*, 490 U.S. 386 at 395 n.10 (1989) (citing *Whitley v. Albers*, 475 U.S. 312, 327 (1986)); *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir.), *cert. denied*, 115 S. Ct. 2269 (1995) (quoting *Hudson v. McMillian*, 503 U.S. at 7).

However, since there are no allegations regarding county policy or procedures and there are no allegations that the county knew about or condoned any actions by Abrams, the claim against him in his official capacity cannot proceed herein. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14

3

(1985); *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989); *Johnson v. Hardin County*, 908 F.2d 1280, 1285 (6th Cir. 1990) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)).

The instant plaintiff having alleged that Defendant Abrams' use of force violated his constitutional rights and that he filed a grievance about the matter before coming to this Court,

**IT IS ORDERED** as follows:

(1) The following are **DISMISSED** from this action, *sua sponte*, without prejudice: (a) Defendant Hammermiester; (b) the Defendant United States Marshal; and (c) all claims against Defendant Jeff Abrams in his official capacity.

(2) The Clerk in the divisional office in which the case lies shall prepare and issue summons for Jeff Abrams, in his individual capacity.

(3) The divisional Clerk shall also prepare as many copies of the complaint as there are summonses and any required USM Forms 285. If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a Clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(4) After the Clerk's office has prepared the summonses, USM Forms 285, complaint copies, copies of this Order, and/or any other documents necessary to effectuate service, a Deputy Clerk in the Lexington Clerk's office shall hand-deliver said documents to the United States Marshal's office in Lexington, Kentucky.

(5) The Deputy Clerk making the delivery referenced in paragraph (4) to the United States Marshal's office shall obtain from the Marshal a receipt for the hand-delivered documents,

which receipt shall be entered into the instant record by the Clerk.

(6) The United States Marshal shall serve a summons, complaint copy, and copy of this Order on each named defendant and shall do so by certified mail, return receipt requested.

(7) The United States Marshal shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

(8) The plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(9) For every further pleading or other document he wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This the 3d day of October, 2006.

JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service:

5